UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:23cr226 |
| | : | |
| v. | : | *electronically filed* |
| | : | |
| JOSHUA FRISCH | : | JUDGE MUNLEY |

**DEFENDANT'S SENTENCING MEMORANDUM**

### I. INTRODUCTION

Mr. Frisch was charged by Indictment with violations of Title 18, United States Code, §875(c), Interstate Threats; 18 U.S.C. §115(a)(1)(B), Influencing Federal Officials by Threat; and, 18 U.S.C. §871, Threats Against the President. On March 5, 2024, the Defendant entered a guilty plea to Count 10 of the Information, the specifics of which are stated below. On June 4, 2024, a Pre-Sentence Report ("PSR") was issued by Senior U.S. Probation Officer Mark A. Campetti which calculated the Total Offense Level at 10 with a Criminal History Category of I pursuant to the Guidelines. The Total Offense Level was calculated as follows:

```
12    Base Offense Level per USSG §2A6.1
-2    Acceptance of Responsibility Adjustment per USSG §3E1.1(a)
10    Total Offense Level
```

As the PSR reflects, the advisory Guidelines range in this case, prior to a departure or variance, is 6-12 months in prison. The parties in this case have agreed that a term of probation is the appropriate sentence in this case. Both the Government and the Defendant are asking the Court to sentence in accordance with the plea agreement. This

Memorandum provides encouragement for the Court's acceptance of the joint recommendation of the parties as to sentencing.

## II.  ANALYSIS

**USSG Guidelines**

The USSG Guidelines are now but one of seven statutory factors to weigh when formulating a sentence.  United States v. Booker, 125 S. Ct. 738 (2005); 18 U.S.C. §3553.  In Booker, the Supreme Court held that the mandatory manner in which the Guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment to the Constitution.  The Supreme Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. §3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable Guideline range), and 18 U.S.C. §3742(e) (setting forth appellate standards of review for Guideline issues), thereby making the Guidelines advisory.  Booker, 125 S.Ct. at 756-57.  Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  Booker, 125 S.Ct. at 767.

On December 10, 2007, the United States Supreme Court modified the Fourth Circuit approach to sentencing as set forth in its decision of Gall v. United States, 128 S.Ct. 586 (2007).  In Gall, the Supreme Court set forth the sentencing paradigm as follows:

> As we explained in Rita a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to

argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Gall, *supra*, 128 S.Ct. 586, 596-97 (*internal citations omitted*).

Fortunately, as a result of United States v. Booker, 543 U.S. 220, 245 (2005), *supra,* the Guidelines are no longer mandatory.

**18 U.S.C. §3553**

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes set forth in the sentencing statute. Section 3553 states that such purposes are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the advisory guideline range;
(5) any pertinent policy statements issued by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities; and
(7) the need to provide restitution to any victims of the offense.

Even if the Court were to decide that a Guidelines departure is inappropriate, the Court may vary from the advisory Guidelines to impose any reasonable sentence based on a consideration of the §3553 factors. Booker at 757, 767. As analyzed below, a variance from the Guidelines is warranted and appropriate under the facts of this case.

The first set of factors in §3553(a)(1) — the nature and circumstances of the offense and the history and characteristics of the defendant – favors Defendant Frisch. Defendant Frisch unlawfully posted on social media websites threats to the President and federal law enforcement officers. Upon his arrest, and repeatedly since, Mr. Frisch has admitted his guilt. Defendant Frisch understands the severity of his behavior in the eyes of the law, and certainly is extremely remorseful for his conduct and the pain it has brought the victims and his family. Prior to this incident, Mr. Frisch has led a law-abiding life and has no criminal record. Mr. Frisch was confined for a period of six months following his arrest and has adjusted well to supervision since his release. Given the extremely harsh realities of his conviction as well as his history of depression, it is clear that Mr. Frisch warrants a sentence of probation as permitted under U.S.S.G. §5C1.1(c).

The second set of factors in §3553(a)(2)(A)-(D) addresses several traditional sentencing considerations.

There can be no doubt that posting threats to the President and federal law enforcement officers is a very serious crime. However, there was no evidence that Mr. Frisch made such threats with any intent of acting on them.

A beloved family man with the continuous support of family and friends and a strong work ethic, Mr. Frisch simply should not be further penalized by a prison term.

Rather, a sentence of probation in this case would certainly be "just" punishment. In addition to the period of incarceration that he has already served, Mr. Frisch will have the stigma of a conviction for the rest of his life. A probationary sentence would reflect the seriousness of the offense while also reflecting the fact that Mr. Frisch has lived an admirable life until the commission of this crime. To the extent that other offenders will pay attention to this sentence, if a criminal conviction and sentence of 6 to 12 months does not deter those potential offenders, it is safe to say that nothing will.

In this case, there is no indication of a need to protect the public from further criminal conduct by Defendant Frisch. As noted herein, Mr. Frisch has had no involvement with law enforcement in the past. To the contrary, he has led a law-abiding life until the present matter. He is committed to his psychological well-being and has been receiving treatment for his depression. There is simply no indication of a need to incarcerate Defendant Frisch as punishment for his crime.

The third factor in §3553(a)(3) requires consideration of the kinds of sentences available and, again, weighs in Defendant Frisch's favor. The applicable guideline range is in Zone B of the Sentencing Table. As a result, the minimum term maybe satisfied by a sentence of probation which includes a condition of combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. U.S.S.G. §5C1.1(c). Thus, the probationary sentence envisioned by the parties is statutorily permissible.

The fourth, fifth, and sixth factors in §3553(a) require the Court to consider the Guidelines and Policy Statements applicable to the case. As Defendant Frisch is not

seeking a downward departure and/or variance, no discussion is necessary on these factors.

The seventh factor in §3553(a)(7) focuses on restitution, which is not applicable at this time.

Thus, an analysis of the Section 3553 factors as set forth above, including, but not limited to, Mr. Frisch's mental condition, the singularly limited nature of the unlawful conduct, his close and supportive familial ties, the lack of a need to rehabilitate him by lengthy imprisonment, and the Guidelines' substantial overstatement of the seriousness of the offense, a term of probation in keeping with the agreement by the parties is warranted.

### III.  CONCLUSION

"Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances.  That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

Counsel submits that a probationary sentence as agreed to by the parties is more than adequate to serve as a sentence that is sufficient, but not greater than necessary.

        Respectfully submitted,

        ***/s/  Allan L. Sodomsky, Esquire***
        Allan L. Sodomsky, Esquire
        PA No.:  45308
        Sodomsky & Nigrini, LLC
        606 Court Street, Suite 400
        Reading, Pennsylvania 19601
        Attorneys for Defendant Joshua Frisch